1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SALLY STEINHART,

       Plaintiff,

  v.

JOSEPH BARKELA, et al.,

       Defendants.

_____/

No. C -11-03497 EDL

**ORDER GRANTING BARKELA
DEFENDANTS' MOTION FOR ORDER
DECLARING PLAINTIFF A
VEXATIOUS LITIGANT**

      On May 16, 2013, the Barkela Defendants filed a Motion for Order Declaring Plaintiff a Vexatious Litigant.  On June 13, 2013, the Court issued an order requiring further briefing on the motion, and vacating the June 25, 2013 hearing date.  On June 20, 2013, Defendants filed a declaration of counsel, William Joost, in response to the Court's June 13, 2013 order.  On June 28, 2013, Plaintiff timely filed a brief objecting to the Joost declaration.  On July 1, 2013, the Court issued an order requiring Plaintiff to file a declaration stating whether she disputed any of the facts in the June 20, 2013 Joost declaration describing the nature of, the rulings made in, and/or the outcome of any of the superior court cases cited by Joost.  The Court ordered Plaintiff to support her declaration with court records as she was a party to those cases.  On July 11, 2013, Plaintiff filed a declaration disputing the Joost declaration, but did not provide any supporting documentation.  For the reasons stated in this order, Defendants' Motion for Order Declaring Plaintiff a Vexatious Litigant is granted.

**Discussion**

      Plaintiff's history in this and other courts shows that she is a vexatious litigant.  Indeed, the Superior Court for the County of Sonoma, on May 6, 2013, declared Plaintiff a vexatious litigant in that forum.  See Joost Decl. Ex. A.  In its order, the Superior Court stated that Plaintiff had filed at

United States District Court
For the Northern District of California

least five lawsuits in the Sonoma County Superior Court in the preceding seven-year period that had been finally determined adversely to her.[1]  Specifically, the Superior Court pointed to the following cases that were determined adversely to her:  (1) Steinhart v. Curria, No. SCV-234918; (2) Steinhart v. Barkela, No. SCV-247328; (3) Steinhart v. Boucher, No. 238310; (4) Steinhart v. Boucher, No. SCV-240701; (5) Steinhart v. Heringer, No. SCV-238310; and (6) Steinhart v. Sonoma County Superior Court, No. SCV-252698.  In this forum, Plaintiff has filed two pro se actions in the preceding three years, including this case.  See also Steinhart v. County of Sonoma, C-10-841 RS.

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.  Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir.1999).  The Ninth Circuit has cautioned that such pre-filing orders are an extreme remedy that should rarely be used.  De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  Id. at 1148.  The Ninth Circuit has established four factors for district courts to examine before entering pre-filing orders.  First, the litigant must be given notice and a chance to be heard before the order is entered.  Id. at 1147.  Second, the court must compile "an adequate record for review."  Id. at 1148.  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  Id.  Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."  Id.; see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (discussing DeLong factors).[2]

**A.      Notice and Opportunity to Be Heard**

---

[1]      Plaintiff argues extensively that the Sonoma County Superior Court exceeded its authority in issuing its order.  That issue, however, is not before the Court on this motion.

[2]      In the briefing on this matter, the parties have cited California law as the standard for determining whether Plaintiff is a vexatious litigant. Defendant argues that "several trial courts [in the Ninth Circuit] have adopted a vexatious litigant rule that 'provides that the court may proceed by reference to the Vexatious Litigants statute of the State of California'" Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). In Weissman, the court proceeded under federal law, and in the context of a discussion of whether an attorney could be declared a vexatious litigant, the court noted that the Central District of California had adopted a local rule that "the court may 'proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391 –391.7.' Cent. Dist. of Calif. Local R. 27A.4." Id. at 1197. There is no Northern District local rule adopting the state vexatious litigant rule.  Therefore, federal law applies.

2

1    This motion was noticed pursuant to Civil Local Rule 7-2, and Plaintiff was served with a

2    copy of the Motion at least thirty-five days in advance of the scheduled hearing.  Plaintiff filed an

3    opposition and has filed additional materials as ordered by the Court.  The notice requirement is

4    satisfied.  See Molski, 500 F.3d at 1058.

5    **B.    Adequate Record for Review**

6    An adequate record for review should include a listing of all cases and motions that led the

7    court to conclude that a vexatious litigant order is needed.  See DeLong, 912 F.2d at 1147 ("At the

8    least, the record needs to show, in some manner, that the litigant's activities were numerous or

9    abusive.").  An order outlining and discussing many of the cases filed by a plaintiff has been deemed

10   sufficient to satisfy this requirement.  Molski, 500 F.3d at 1059.

11   Plaintiff's history includes the following cases, relied upon by the Sonoma County Superior

12   Court in declaring her a vexatious litigant:

13   •   Steinhart v. Curria, No. SCV-234918.  Plaintiff's cross-complaint to a Request for Order to

14       Stop Harassment was voluntarily dismissed.  Tokerud v. Capitolbank Sacramento, 38

15       Cal.App.4th 775, 779 (1995) ("An action which is ultimately dismissed by the plaintiff, with

16       or without prejudice, is nevertheless a burden on the target of the litigation and the judicial

17       system, albeit less of a burden than if the matter had proceeded to trial. A party who

18       repeatedly files baseless actions only to dismiss them is no less vexatious than the party who

19       follows the actions through to completion. The difference is one of degree, not kind.").

20       Plaintiff argues that she dismissed her case because she had already obtained the relief she

21       sought when the court dismissed the defendant's petition for order to stop harassment, but as

22       in Tokerud, Plaintiff's action was a burden on the defendant in that case and the judicial

23       system.

24   •   Steinhart v. Barkela, No. SCV-247328.  Plaintiff filed this petition for writ of mandate in

25       response to an unlawful detainer matter.  The writ of mandate was denied.  See Fink v.

26       Shemtov, 180 Cal.App.4th 1160, 1168 (2010) ("'Litigation' for purposes of vexatious

27       litigant requirements encompasses civil trials and special proceedings, but it is broader than

28       that. It includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ

United States District Court
For the Northern District of California

1    petitions other than habeas corpus or other criminal matters.'") (internal citation omitted).

2    •    <u>Steinhart v. Boucher</u>, No. SCV-238310. Plaintiff filed this action, which was dismissed by

3        the court for her failure to appear. <u>See Fink</u>, 180 Cal.App.4th at 1173-74 (dismissals can

4        constitute final determinations adverse to the litigant).

5    •    <u>Steinhart v. Boucher</u>, No. SCV-240701. Plaintiff re-filed the same action as she filed in

6        SCV-238310 after the dismissal of SCV-238310. Plaintiff dismissed this action.

7    •    <u>Steinhart v. Heringer</u>, No. SCV-246305. Plaintiff filed this civil harassment action, which

8        was denied by the court.

9    •    <u>Steinhart v. Sonoma County Superior Court</u>, No. SCV-252698. Plaintiff filed this Petition

10       for Alternative Writ of Mandate for an emergency stay to prevent execution of a writ of

11       possession after her motion for summary judgment had been denied in the underlying action.

12       The court denied the Petition. Although Plaintiff has stated that this action is on appeal

13       (July 11, 2013 Steinhart Decl. ¶ 2(F)), the Superior Court stated in its May 6, 2013 order that

14       the court's record does not show an appeal, and Plaintiff did not provide any court records to

15       the contrary to support her declaration as ordered by the Court.

16   In addition, Plaintiff delayed and made frivolous filings in the following cases:

17   •    <u>Steinhart v. Curria</u>, No. SCV-246662. Plaintiff delayed settling the pleadings by late filings

18       and by failing to serve all defendants until over one year after the action was filed.

19   •    <u>Steinhart v. Kaiser Permanente, et al.</u>, No. SCV-246005. Plaintiff filed an amended

20       complaint without leave of court over one year after the court sustained a demurrer.

21   •    <u>Steinhart v. Curria</u>, No. SCV-244253. Plaintiff was given until September 7, 2012 to file an

22       amended complaint, but failed to do so. Plaintiff then filed a request to enter default against

23       defendant Cresswell on October 29, 2012. Plaintiff's appeal of the court's order sustaining

24       defendant Curria's demurrer was dismissed as premature and her appeal was dismissed for

25       failure to file a brief.

26   Further, in this case, on April 11, 2012, Plaintiff filed an unsolicited letter in further

27   support of her opposition to Ms. Madrigal's motion to dismiss, which the Court declined to consider

28   because Plaintiff did not have leave to file it. <u>See Steinhart v. Barkela, et al.</u>, C-11-3497 EDL

4

1   Docket No. 49 (N.D. Cal. Apr. 11, 2012).  In addition, Plaintiff's amended complaint did not remedy

2   the failure to allege facts supporting claimed statutory violations and her false imprisonment claim.

3   See Steinhart v. Barkela, et al., C-11-3497 EDL Docket No. 51 (N.D. Cal. Apr. 20, 2012).  The

4   record thus establishes Plaintiff's history of filing numerous actions and pleadings.

5                   **C.       Findings of Frivolous or Harassing Nature of the Litigation**

6            This factor requires the Court to examine both the number and content of Plaintiff's filings

7   for indicia of frivolousness.  DeLong, 912 F.2d at 1148; Molski, 500 F.3d at 1059.  Under the third

8   DeLong prong, the Court must "look at both the number and content of the filings as indicia of the

9   frivolousness of the litigant's claims." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1059 (9th

10  Cir.2007) (citations and quotation marks omitted). "An injunction cannot issue merely upon a

11  showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently

12  without merit." Id. (citations and quotation marks omitted).

13           Here, Plaintiff has filed numerous actions within at least the last seven years.  She has

14  received little, if any, damages or equitable relief from any of those actions.  In the present case,

15  Plaintiff has made unsolicited filings, and has not filed a sufficient amended complaint after being

16  given an opportunity to do so.  Plaintiff's litigious history provides justification for this Court to

17  declare her to be a vexatious litigant and require pre-filing review of any action she attempts to take

18  to prosecute this case.  Plaintiff's actions have required, and continue to require, defendants,

19  including a public entity in this case, to expend limited resources in responding to her complaint.

20  Plaintiff's continued filings are unduly burdensome to the public at large and to the judicial system.

21                   **D.       Narrowly Tailored Order**

22           The fourth DeLong prong requires that the pre-filing order be narrowly tailored to the

23  specific vexatious conduct exhibited by the litigant. Defendant proposes the following pre-filing

24  Order:

25           Plaintiff shall post security in the sum of $25,000 before Plaintiff shall be allowed to
             take any further action to prosecute this case.  After posting the required security,
26           Plaintiff shall take no action to prosecute this case unless and until Plaintiff has
             sought, via formal noticed motion, and obtained from this Court an order approving
27           any action Plaintiff proposes to take to prosecute this action.

28

See Proposed Order at ¶¶ 2, 3.  With the exception of the amount of the security, the proposed pre-

United States District Court

For the Northern District of California

1   filing order is narrowly tailored to satisfy the fourth <u>DeLong</u> factor.

2   **Conclusion**

3         Accordingly, Defendant's Motion for Order Declaring Plaintiff to be a Vexatious Litigant is

4   granted.  Based on the Court's inherent power, the Court orders Plaintiff to post security in the

5   amount of $10,000 for costs before Plaintiff shall be allowed to take any further action to prosecute

6   this case.  <u>See</u> <u>Simulet East Associates v. Ramada Hotel Operating Co.</u>, 37 F.3d 573, 574 (9th Cir.

7   1994) (district courts have the inherent power to require a plaintiff to post security for costs).  After

8   posting the required security, Plaintiff shall take no action to prosecute this case unless and until

9   Plaintiff has sought, via formal noticed motion, and obtained from this Court an order approving any

10  action Plaintiff proposes to take to prosecute this action.  If Plaintiff fails to post security by August

11  9, 2013, the Court will dismiss Plaintiff's case.

12  **IT IS SO ORDERED.**

13  Dated: July 19, 2013

14  _____
    ELIZABETH D. LAPORTE
    United States Chief Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28