IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY STEINHART,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH BARKELA,<br><br>    Defendant._____/ | No. C -11-03497 EDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On July 19, 2013, the Court issued an Order Granting the Barkela Defendants' Motion Declaring Plaintiff a Vexatious Litigant. On August 9, 2013, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration, arguing that there was no substantial evidence to support the Court's order and that the Court failed to follow applicable legal principles in reaching its decision. For the reasons stated in this Order, Plaintiff's Motion for Leave is denied.

A district court has the discretion to reconsider its prior orders. Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id.; see also Civ. L.R. 7-9(b). Aside from these factors, a district court also has inherent authority to reconsider an interlocutory decision to prevent clear error or prevent manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (citing

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)).

Here, Plaintiff has not cited any new evidence or a change in law, so Plaintiff appears to argue that reconsideration is appropriate because the Court "committed clear error or the initial decision was manifestly unjust." Sch. Dist. No. 1 J, Multnomah Cnty., 5 F.3d at 1263. For example, Plaintiff argues, as she did in the extensive briefing on Defendants' Motion, that the state court's vexatious litigant order is incorrect, so the Court erred in relying on it. The Court did not base its Order on the state court's decision, and in fact, made independent findings of the frivolous and harassing nature of Plaintiff's actions. See July 19, 2013 Order at 5 ("Here, Plaintiff has filed numerous actions within at least the last seven years. She has received little, if any, damages or equitable relief from any of those actions. In the present case, Plaintiff has made unsolicited filings, and has not filed a sufficient amended complaint after being given an opportunity to do so. Plaintiff's litigious history provides justification for this Court to declare her to be a vexatious litigant and require pre-filing review of any action she attempts to take to prosecute this case. Plaintiff's actions have required, and continue to require, defendants, including a public entity in this case, to expend limited resources in responding to her complaint. Plaintiff's continued filings are unduly burdensome to the public at large and to the judicial system."). Further, the Court did not rely on hearsay evidence to support its decision.

As another example, Plaintiff argues that the pre-filing requirement imposed by the Court is not narrowly tailored, citing DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). However, the pre-filing requirement here is narrowly tailored to impact only this case, unlike the order at issue in DeLong.

Finally, Plaintiff argues that the Court lacked authority to require Plaintiff to post security. As stated in the Court's Order, the Court has inherent authority to require litigants to post security for costs. See Simulet East Associates v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994) (district courts have the inherent power to require a plaintiff to post security for costs). Plaintiff failed to comply with the Court's order that she post security no later than August 9, 2013 or risk dismissal of her case. Rather than dismiss this case, however, the Court will provide Plaintiff a final opportunity to post the required security. Accordingly, the Court orders Plaintiff to post

security in the amount of $10,000 for costs before Plaintiff shall be allowed to take any further action to prosecute this case. If Plaintiff fails to post security by August 19, 2013, the Court will dismiss Plaintiff's case. As stated in the Court's July 19, 2013 Order, after posting the required security, Plaintiff shall take no action to prosecute this case unless and until Plaintiff has sought, via formal noticed motion, and obtained from this Court an order approving any action Plaintiff proposes to take to prosecute this action.

Plaintiff's arguments in support of her Motion mirror her arguments in opposition to Defendants' Motion Declaring Plaintiff to be a Vexatious Litigant, and she has not shown that the Court committed a manifest failure to consider material facts or dispositive legal arguments. Accordingly, Plaintiff's Motion is denied.

**IT IS SO ORDERED.**

Dated: August 12, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge